*1270 BRISCOE, Circuit Judge,
concurring and dissenting:
I agree there is no First Amendment right of access to CJA documents because they are administrative in nature,[1] and that any common law right of access was preempted by the CJA. I also agree that under the CJA and rules promulgated under it, the district court should not have ordered that the backup documentation, motions, orders, and hearing transcripts be unsealed at the conclusion of all defendants’ sentencing hearings.[2] However, I do not agree that the district court could properly keep the CJA forms and the amounts paid for counsel and other services sealed until the conclusion of each defendant’s trial,
The version of § 5.01 of the guide to Judiciary Policies and Practices in effect when this ease commenced governs “Procedures for the Release of Information Pertaining to Criminal Justice Act Activities,” and provides:
Generally, such information which is not otherwise routinely available to the public should be made available unless it is classified pursuant to an executive order or. its release might adversely affect the national defense or foreign policy interest of the United States, unduly intrude upon the privacy of attorneys or defendants or compromise defense strategies, investigative procedures, attorney work product, the attorney-client relationship or privileged information provided by the defendant or other sources (see 5 U.S.C. § 552(b)).
Upon request, or upon the court’s own motion, documents pertaining to Criminal Justice Act activities maintained in the clerk’s open files, which are generally available to the public, may be judicially placed under seal or otherwise safeguarded until after all judicial proceedings in the case are completed and for such time thereafter as the court deems appropriate. Interested parties should be notified of any modification of such an order.
Under § 5.01, CJA information is presumptively available unless the court concludes it should be sealed to avoid undue intrusion upon the privacy of attorneys or defendants, compromise defense strategies, investigative procedures, attorney work product, the attorney-client relationship, or privileged information. CJA voucher forms for attorney services specify the hours claimed for generic categories of services: interviews and conferences, obtaining and reviewing records, legal research and brief writing, travel time, and investigative and other work. I do not see how disclosure of this basic information during trial could intrude upon privacy or compromise defense strategies, investigative procedures, attorney work product, the attorney-client relationship, or privileged information. See United States v. Suarez, 880 F.2d 626, 631-32 (2d Cir.1989). The categories of work delineated on the CJA voucher form are commonplace to all criminal defense work. To reveal that defense counsel had worked for a certain number of hours interviewing witnesses, obtaining records, researching, writing briefs, traveling, and investigating would only confirm what anyone familiar with criminal defense work would expect.
Disclosure of the fees and the number of hours expended would not be so shocking to the public that defense counsel would be "castigated to such a degree that the ability to defend their clients would be impaired. While disclosure of fees during the proceedings might fuel controversy, this litigation shows that keeping fee information sealed has in fact caused controversy. The public might be outraged at the amount of fees paid for the legal defense of persons charged with crimes, but might be equally outraged at being denied access to that information. “People in an open society do not demand infallibility from their institutions, but it is difficult for them to accept what they are *1271 prohibited from observing.” Press-Enterprise Co. v. Superior Court, 478 U.S. 1, 13, 106 S.Ct. 2735, 92 L.Ed.2d 1 (1986). Because there is no reason to deny access to this basic information, it is an abuse of discretion to keep it under seal during trial.
Disclosure of unredacted CJA voucher forms for expert and other services during trial could compromise defense strategies by revealing the types of experts consulted and their names. However, the forms could easily be redacted by deletion of the types and descriptions of services requested, the names of experts, and any other identifying information. See Suarez, 880 F.2d at 631-32. There is no reason to keep the amounts paid for expert and other services sealed during trial.
I would grant the Journal’s petition for writ of mandamus in part and vacate that portion of the district court’s order keeping CJA voucher form cover sheets sealed during trial.

. However, I question the majority's alternative conclusion that, even if CJA documents are judicial rather than administrative in nature, there would be no First Amendment right of access to them. See United States v. Suarez, 880 F.2d 626 (2d Cir.1989).

. I question whether they must remain sealed in perpetuity. At some point, after appellate and post-conviction review is over, the interests served by keeping the materials sealed may no longer justify denial of access.